IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM LUCIANO LLANOS-CORTES, :
              Petitioner       :
          v.                : Case No. 3:24-cv-177-KRG-KAP
MICHAEL UNDERWOOD, Warden, :
F.C.I. LORETTO, *et al.*,        :
           Respondents    :

Report and Recommendation

Recommendation

Petitioner Llanos-Cortes filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3) at ECF no. 1. Upon consideration of the Petition and the respondent's Response, ECF no. 7, I recommend that the petition be dismissed.

Report

The first question to be addressed is whether this matter presents a case or controversy so as to fall within this court's habeas jurisdiction. The answer to that question in this case is "no" and that answer is dispositive. Although ["t]here was a time" when the Supreme Court harbored doubts about the compatibility of declaratory judgment actions with Article III's case-or-controversy requirement, for about a century it has been settled that Congress can vest in courts the power to make a forward-looking construction of parties' legal rights and duties. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126–27 (2007). However, whether that power is granted by Declaratory Judgment Act as in MedImmune or by the habeas corpus statute, it is constrained by the constitutional requirement that there be a case or controversy. A dispute must real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Id.,* 549 U.S. at 127 (internal quotations omitted). Because Llanos-Cortes' habeas petition asks for an opinion telling the Bureau of Prisons what to do based in the case of a hypothetical set of facts that may never occur, this court must dismiss the petition.

Petitioner Llanos-Cortes is an inmate at F.C.I. Loretto serving a sentence of 100 months imprisonment after a guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction, in violation of 46 U.S.C.§ 70506(b). United States v. Llanos-Cortes, Case No. 1:19-cr-20220 (S.D.Fla.). Petitioner is not a citizen of the United States and faces removal after his term of imprisonment expires. In fact, Judge Scola, in his Judgment and Commitment Order of June 14, 2022, imposed the special condition of supervised

release that petitioner be surrendered to Immigration and Customs Enforcement for removal proceedings. Response, Exhibit 2. Petitioner's projected release date from Bureau of Prisons custody is February 11, 2026. Response, Exhibit 1, Kerr Declaration at ¶1.

Neither party sheds any light on the state of removal proceedings or whether they have even commenced. Petitioner bears the burden of persuasion, so that gap in the record does not result in any inference in petitioner's favor. From experience with many cases involving the intersection of the FSA and immigration laws I can say it is unlikely, if removal proceedings do commence and Llanos-Cortes opposes removal, that  proceedings would ever be final in less than a year. Further, Llanos-Cortes does not allege that he is actively waiving any challenge to his removal, and it is illogical to assume that Llanos-Cortes would file this petition but not oppose removal when the very petition in this matter illustrates why Llanos-Cortes has an incentive to oppose a final order of removal.

Petitioner, because he is not subject to a final order of removal, is currently eligible to have earned time credits (ETCs) earned for participating in certain programs applied to his sentence under the provisions of the First Step Act (FSA) of 2018, Pub.L.No. 115-391, 132 Stat. 5208 (December 21, 2018). The First Step Act amended 18 U.S.C.§ 3621 to require the Bureau of Prisons to create or expand programs that will reduce the risk of recidivism by persons convicted of federal offenses, and to award credits to most -but not all- inmates participating in these programs that can be applied toward time in prerelease custody or supervised release. One class of inmates not eligible to have their ETCs applied to their sentences is inmates subject to a final order of removal: the First Step Act provides at 18 U.S.C.§ 3632(d)(4)(E)(i) that "A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." *See* Said v. Underwood, Case No. 3:23-cv-164-MRH-KAP (W.D.Pa. January 14, 2025).

Llanos-Cortes seeks a writ of habeas corpus commanding the Bureau of Prisons not to forfeit the application of ETCs to his sentence if he becomes subject to a final order of removal.

However, it is not the case that the only reason for ineligibility is having a final order of removal. For instance, to be eligible to have ETCs applied an inmate must adhere to certain conduct requirements. *See* 18 U.S.C. § 3624(g)(1)(B); *see also* 28 C.F.R.§ 523.44 (an inmate can have ETCs applied if the inmate has "[m]aintained a minimum or low recidivism risk through his ... last two risk and needs assessments"). Inmates who have convictions for certain offenses deemed incompatible with recidivism reduction are also ineligible to have ETCs applied. *See e.g.* Araujo v. FCI Berlin Warden, No. 23-CV-453-PB-TSM, 2023 WL 9289063, at *1 (D.N.H. Dec. 14, 2023), *report and recommendation*

*adopted*, 2024 WL 181759 (D.N.H. Jan. 17, 2024). Those offenses are listed by reference to section, subsection, or in some cases paragraph within subsection, at 18 U.S.C.§ 3632(d)(4)(D)("A prisoner is ineligible to receive [ETC] … if the prisoner is serving a sentence for a conviction under any of the following provisions of law[.]" The Bureau of Prisons obviously does not at this time consider Llanos-Cortes to have a disqualifying offense.

Llanos-Cortes, if he ever becomes subject to a final order of removal, may not have any ETCs to forfeit. First and most likely, since petitioner is less than a year from his projected release date of February 11, 2026, even if Immigration and Customs Enforcement is actively working on removing him and even if that process might result in a final order of removal, Llanos-Cortes may well have served his sentence of imprisonment before that final order of removal were issued. Second, if in the next year Llanos-Cortes does not maintain a low recidivism risk he would be ineligible to have ETCs applied to his sentence regardless of removal proceedings. Third, Congress can always change the disqualification provisions, and subject to any Ex Post Facto challenges such statutory changes might or might not have an impact on the application of Llanos-Cortes' ETCs to his sentence. As a precaution the respondent addresses the merits of the petition in the Response and argues that forfeiture of ETCs due to a final order of removal does not violate the Ex post Facto Clause. The authorities cited are persuasive but I urge that they not be relied on because Llanos-Cortes is not entitled to an advisory opinion on a hypothetical state of facts.

And that brings me to the second, nonjurisdictional reason to dismiss this petition: Llanos-Cortes should first present any dispute about the application of his ETCs in its real world context to the Bureau of Prisons. Petitioner acknowledges that he did not attempt to present his concern through the Bureau of Prisons' administrative remedy process and argues that he should not have to. Petition ¶7. However, it is ordinarily the case that matters affecting the execution of a federal sentence, whether the validity of a disciplinary sanction, award of credit for prior custody, sentence computation, or length of placement in a residential re-entry center, must go through the administrative remedy process first, *see* 28 C.F.R.§ 542.10-19, unless the matter involves only a question of law without the need for development of a factual record. *See* Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir.2012), *citing* Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981). Use of the administrative process not only facilitates judicial review by allowing the Bureau of Prisons to develop a factual record and explain its decision, but also conserves judicial resources because in at least some cases (including those presenting pure questions of law) the inmate obtains relief in the administrative process. *See* Barksdale v. Sing Sing, 645 Fed.Appx. 107 (3d Cir. 2016); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir.1996); Arias v. United States Parole Commission, 648 F.2d 196 (3d Cir.1981); Lindsay v. Williamson, 271 Fed.Appx. 158, 160 (3d Cir. 2008) (affirming *sua sponte* dismissal of

28 U.S.C.§ 2241 petition for failure to exhaust administrative remedies). Although Llanos-Cortes argues that he can dispense with the administrative process because he seeks "a protective order," Petition ¶7, habeas petitioners cannot bypass the administrative remedy process by creative relabeling. Every writ of habeas corpus is in the sense invoked by Llanos-Cortes a protective order. Since a factual record will be relevant to the propriety of revoking the application of ETCs to Llanos-Cortes' sentence - if it ever happens that the Bureau of Prisons seeks to do that, if Immigration and Customs Enforcement ever begins removal proceedings and finishes them before next February – that factual record should be made in the relevant agency, not in the courts as a matter of first instance.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation. The parties are advised that in the absence of timely and specific objections any appeal would be severely hampered or entirely defaulted. *See* EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir.2017)(describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE:  March 7, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

William L. Llanos-Cortes, Reg. No. 02507-506
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630